■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CLIFTON DILLARD, Appellant. [708 NYS2d 290] —Judgment, Supreme Court, Bronx County (Ira Globerman, J.), rendered July 12, 1996, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 11 to 22 years, unanimously affirmed.

The court properly exercised its discretion in imposing reasonable limits upon defendant's excessively lengthy cross-examination of the victim (see, People v Schwartzman, 24 NY2d 241, cert denied 396 US 846). The court properly precluded questions that were repetitive, defective in form, and irrelevant, and provided defendant with ample scope of cross-examination.

The court's procedure for responding to notes from the deliberating jury requesting read back of testimony was entirely proper. Defendant received notice of the precise contents of each of the jury's notes and was afforded a full opportunity to suggest the court's possible responses thereto, as well as to discuss those responses after they were given. Defendant was permitted to be heard as to whether the particular testimony read back by the court reporter comported with the jury's requests, and has made no showing that he was prejudiced by any aspect of the read backs (see, People v Rodriguez, 228 AD2d 391, lv denied 88 NY2d 993). There is nothing in People v O'Rama (78 NY2d 270) that would require a court to permit counsel to participate in the process whereby a court reporter locates particular testimony. Concur—Sullivan, P. J., Nardelli, Tom, Wallach and Lerner, JJ.